RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 01/23/07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Lucille T. George					Civil Action No. 06-2174

versus						Judge Tucker L. Melançon

Wal-Mart Louisiana, L.L.C.			Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is plaintiff's Motion to Remand [Rec. Doc. 8], defendant's Memorandum in Opposition thereto [Rec. Doc. 10], and plaintiff's Reply [Rec. Doc 11]. For the reasons set out below, plaintiff's Motion will be DENIED.

### I. Statement of Uncontested Facts

On September 29, 2005, plaintiff was injured in the checkout line at the Wal-Mart Super Center in New Iberia, Louisiana, when a Wal-Mart check out clerk caused a boxed television set to fall and injure plaintiff. (*Plaintiff's Complaint*, Rec. Doc. 1]. Plaintiff filed suit in the Sixteenth Judicial District Court, Iberia Parish on August 14, 2006. Defendant filed a Notice of Removal and Demand for Trial by Jury on November 14, 2006 pursuant to Title 28 of the United States Code section 1332 based on diversity jurisdiction [Rec. Doc. 2]. Plaintiff now files a Motion to Remand on the basis that defendant's notice of removal was not timely filed.

### II. Standard for Remand

Under 28 U.S.C. § 1447(c), a district court is mandated to remand a case if,

1

at any time before final judgment, it appears the court lacks subject matter jurisdiction. Plaintiff states that the case should be remanded to state court because defendant failed to timely file its Notice of Removal within the thirty-time period provided by 28 U.S.C. sec. 1446(b).

The two paragraphs of 28 U.S.C. § 1446(b) detail the documents which trigger the time limits for notices of removal. The first paragraph governs notices of removal based on an "initial pleading *setting forth* the claim for relief upon which such action or proceeding is based." The second paragraph governs notices of removal based on "a copy of an amended pleading, motion, order or other paper from which it *may first be ascertained* that the case is one which is or has become removable." *See Bosky v. Kroger Texas*, LP 288 F.3d 208, 209 (5th Cir.2002). The issue before the Court is at what point after suit was filed defendant Wal-Mart could first ascertain that the damage value of the claim exceeded seventy-five thousand dollars ($75,00.00) so that the suit could be maintained in federal court.

### III. Law & Analysis

Title 28 U.S.C. § 1446(b) provides in pertinent part:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...

2

The parties dispute whether, under the second paragraph of 1446(b), the clock commenced to run at the time Wal-Mart was formally served on September 13, 2006 or at some time thereafter.

Wal-Mart claims that it did not become aware of facts indicating that this case was removable until October 16, 2006, when it received an affirmative reply to its interrogatory, thus, Wal-Mart's removal was filed within thirty (30) days of the date it first ascertained that the case was removable. (*Defendant's Opposition*, p. 2). The facts reflect that on August 10, 2006, plaintiff mailed the original petition to the Iberia Parish Clerk of Court for filing and a copy was sent to defendant. (*Plaintiff's Statement of Uncontested Facts*, para. 2.).On August 23, 2006, plaintiff faxed a demand letter to defendant with supporting medical documentation evidence evidencing that the medical expenses exceeded $75,000.00. (*Id.* at 3). Wal-Mart was formally served with the complaint on September 13, 2006. (*Id.* at 5). The complaint states that the plaintiff sustained injuries which include a disc at L4-5 "that may require surgery," that the damage value exceeded the minimum jurisdictional amount for trial by jury, which implicates $50,000.00, and that plaintiff was seeking the "maximum reasonable amount allowed by law." *(Plaintiff's Complaint)*. Plaintiff argues that the allegations contained in the petition, which Wal-Mart received a copy of within two weeks of the suit being filed and was formally served with on September 13, 2006, if taken as true, unambiguously support a verdict in excess of $75,000.00. Furthermore, plaintiff argues that defendant knew that the amount of damages was over $75,000.00 based upon assertions made in a demand letter sent to Wal-Mart prior to service of the complaint. Plaintiff posits

3

that the demand letter is "other paper" for the purpose of sec. 1446(b) paragraph two, which when taken in conjunction with the complaint, the time for removal commenced to run when Wal-Mart was served with the complaint. (*Plaintiff's Memorandum*, p. 2).

Both sides appropriately point the Court to the Fifth Circuit decision in *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). In *Chapman*, the Fifth Circuit set out that while a settlement or demand letter is acceptable as "other paper" for the purposes of the second paragraph of sec. 1446(b), a *pre-suit* demand letter does not constitute sufficient "other paper" from which defendant could ascertain the case was removable:

> [T]he plain language of the second paragraph of § 1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading. The second paragraph of § 1446(b) applies by its terms only 'if the case stated by the initial pleading is not removable...' 28 U.S.C. § 1446(b). More important, the second paragraph of § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an "other paper" from which the defendant may first ascertain that the case is removable. Logic dictates that a defendant can "first" ascertain whether a case is removable from an "other paper" only after receipt of both the initial pleading and that "other paper"; and therefore the thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the "other paper" revealing that the case is removable. Chapman would have us adopt a rule which would be clearly inconsistent with the plain language of the second paragraph of § 1446(b), which states that "a notice of removal may be filed within thirty days after receipt by the defendant ··· [of an] other paper from which it may first be ascertained that the case is one which is or has become removable····" By its plain terms the statute requires that if an "other paper" is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the "other paper" only after it receives the initial pleading. Finally, we believe that our holding that the "other paper" must be received after the filing of the initial pleading is supported by the recitation in the second paragraph of § 1446(b) of the words "amended pleading, motion, order" before the words "or other paper," which clearly refer to actions normally and logically occurring after the filing of the initial pleading. Clearly the answer to interrogatory which triggered the filing of the notice of removal in this case

is such an "other paper." *Id.* at 164-165, & 164 n. 8

Although in accordance with state law, plaintiff did not have to specify the numerical value of her damages in her petition, it is clear that under federal jurisprudence the clock begins to run upon the service of the petition only if plaintiff specifically alleged that the damages were in excess of the federal jurisdictional amount. Regarding what knowledge the defendant had prior to receiving service of the complaint, the Fifth Circuit continues to reject a due diligence requirement for determining whether a case is removable. "The defendant's subjective knowledge cannot convert a case into a removable action." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996); *Bosky v. Kroger Texas*, LP 288 F.3d 208, 210 (5th Cir. 2002) . In *Chapman,* it was noted that this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know" and that "the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount."

Against this legal backdrop, the Court cannot conclude that plaintiff's complaint was sufficiently definite on its face to enable defendant to ascertain that the jurisdictional amount in controversy was met so that the clock would have commenced under the first paragraph of 28 U.S.C. § 1446(b). *See Evett v. Consolidated Freightways Corporation*, 110 F.Supp.2d 510,

513 (E.D.Tex.2000); *Wise v. Bayer,* 281 F.Supp.2d 878, *884 (W.D.La.,2003). Therefore the second paragraph of 28 U.S.C. § 1446(b) governs the present situation. Because the pre-suit demand letter does not constitute "other paper," the Court cannot conclude that with the receipt of the complaint the clock commenced running under the second paragraph of 28 U.S.C. § 1446(b). *See Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992). Interrogatory answers do constitute sufficient "other paper," and defendant received a clear and certain answer that the amount in controversy was in excess of $75,000.00 after it had received the initial pleading. Therefore, the Court finds that pursuant to 28 U.S.C. § 1446(b), the time delays for removal did not start until after defendant received plaintiff's answers to interrogatories clearly stating that the matter in controversy exceeded the sum of $75,000.00, and defendant timely sought removal within the requisite thirty days after receipt of plaintiff's interrogatory answers.

## IV. Conclusion

For the foregoing reasons, the Court finds that defendant's Notice of Removal was timely filed. Wherefore, plaintiff's Motion to Remand will be DENIED.